UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>)<br>v. )<br>)<br>ANTHONY ALMEIDA, )<br>)<br>              **Defendant** )<br>) | Crim. Nos. 2:17-cr-52-DBH-01<br>and 2:11-cr-127-DBH-01 |

**ORDER ON DEFENDANT'S MOTION FOR SENTENCING VIA VIDEO**

This defendant has two pending cases. In one, he has admitted to violating the terms of his supervised release, and in the other, he has pleaded guilty to a heroin, methamphetamine, and cocaine conspiracy. He entered the admission and plea in October 2018 and persisted in the admission and plea in December 2018 after a change in counsel. Minute Entries (2:11-cr-127-DBH-01, ECF Nos. 214 & 217; 2:17-cr-52-DBH-01, ECF Nos. 153 & 171). In the conspiracy case, he faces a mandatory minimum sentence of 10 years and a high guideline range. He has been incarcerated since his arrest in July 2017. His sentencing has been delayed for a variety of reasons, most recently the pandemic. Now, through counsel, he has moved "to schedule sentencing via video under the CARES Act" in both cases. Def.'s Mot. (2:11-cr-127-DBH-01, ECF No. 249; 2:17-cr-52-DBH-01, ECF No. 264). The government does not object. Id. ¶ 9; see Joint Notice (2:11-cr-127-DBH-01, ECF No. 251; 2:17-cr-52-DBH-01, ECF No. 266).

> As I said in United States v. Fagan:
>
>> Federal Criminal Rule 43 requires that a defendant be present in person to plead guilty to a felony and be sentenced.  Fed. R. Crim. P. 43(a) ("the defendant must be present"); United States v. Bethea, 888 F.3d 864, 866-67 (7th Cir. 2018) (the in-person requirement is not waivable). During the COVID-19 pandemic, however, Congress has authorized federal judges to take a felony guilty plea and sentence by video or teleconference if the defendant consents after consulting counsel, and if "the district judge in a particular case finds for specific reasons that the plea or sentencing in that case cannot be further delayed without serious harm to the interests of justice."  Coronavirus Aid, Relief, and Economic Security (CARES) Act, Pub. L. No. 116-136, §§ 15002(b)(2)(A), (b)(4), 134 Stat. 281, 528-29 (2020).[1] To date, judges in this District have used that emergency authority to take felony guilty pleas and sentence defendants by telephone or videoconference when the parties have recommended "time served" sentences.
>
> No. 2:19-CR-123-DBH, 2020 WL 2850225, at *1 (D. Me. June 2, 2020).

In this case, Mr. Almeida has already served over three years of any sentence I impose.  The parties have agreed to withdraw all outstanding objections to the Revised Presentence Report, and they have reached a joint sentencing recommendation of 130 months, with the supervised release penalty to run concurrently.[2]  Joint Notice (2:11-cr-127-DBH-01, ECF No. 251; 2:17-cr-52-DBH-01, ECF No. 266).  In other words, there are no issues.  Mr. Almeida does not want any further delay in his sentencing for the following reasons, which I quote from his motion:

---

[1] Other CARES Act requirements are satisfied by Judicial Conference findings and the Chief Judge's Order in this District.  At the hearing, I will inquire of the defendant whether he has consulted with counsel and consents to waiving an in-person sentencing.

[2] The parties tell me "[t]here are no outstanding disputes between the parties" and they "agree to jointly recommend a sentence of 130 months in docket number 2:17-cr-52-DBH with a concurrent supervised release revocation sentence in docket number 2:11-cr-127-DBH."  Joint Notice ¶¶ 2 & 3 (2:11-cr-127-DBH-01, ECF No. 251; 2:17-cr-52-DBH-01, ECF No. 266).

>    i)   according to the CDC Almeida is a member of a class of persons subject to a higher risk of severe illness or death should he be exposed to COVID-19;[3]
>    ii)  he has the potential to receive more appropriate medical care while in the custody of the Federal BOP;[4]
>    iii) while he is facing a mandatory minimum sentence of 10 years, based on his risk factors and the length of time he has served in custody, he is a candidate to immediately apply for compassionate release from BOP.[5]
>
>    For these and other reasons enumerated during the conference of Counsel, Mr. Almeida respectfully requests that his sentence hearing be expedited and scheduled via video.

Def.'s Mot. ¶ 8.

Obviously, the sentence the parties have agreed to recommend is nowhere near a "time served" sentence, the usual category of cases where District of Maine judges have sentenced by video under the CARES Act. But one of the reasons we have been reluctant to sentence by video for longer sentences is the concern that a defendant may later conclude that, if he had been able to plead his case in person before the sentencing judge, he might have obtained a lower sentence. That is not the case here. The parties have stipulated to the Presentence Report, the guideline range, and the sentence they jointly recommend. If something were to move me to sentence higher than their joint recommendation, I would seriously consider offering to halt the video sentencing procedure in favor of a later in-person proceeding.

---

[3] In earlier filings he said he has Graves' disease, and the Presentence Report confirms that, as well as asthma, edema, Graves' ophthalmopathy, and hyperthyroidism. PSR ¶ 53.

[4] I note that while he is in presentence detention, only local jails are available. During a conference of counsel, his lawyer said that he had received radiation therapy when he was last in BOP custody.

[5] I make clear to counsel now and will make clear to Mr. Almeida at sentencing that I have no influence over the BOP's compassionate release program, and at the conference of counsel I expressed some skepticism whether his application would be successful.

Therefore, based on the specific reasons Mr. Almeida has listed, the parties' agreement on what the sentence should be, the fact Almeida will not be seeking a lower sentence, and Almeida's very long time in presentence custody without the benefit of BOP programs and medical care,[6] I find that sentencing cannot be further delayed in this case without serious harm to the interests of justice. The motion to conduct sentencing via video is **GRANTED** and the Clerk shall schedule the sentencing.

**SO ORDERED.**

**DATED THIS 23RD DAY OF JULY, 2020**

/S/D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**

---

[6] There are no BOP custodial facilities of any sort in Maine.